

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: November 10, 2022.**

_____
**CRAIG A. GARGOTTA**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 22-50403-cag |
| | § | |
| GFS INDUSTRIES, LLC, | § | CHAPTER 11 |
| | § | |
| Debtor. | § | |

---

| | | |
|---|---|---|
| AVION FUNDING, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADV. NO. 22-05052-cag |
| | § | |
| GFS INDUSTRIES, LLC, | § | |
| | § | |
| Defendant. | § | |

### ORDER GRANTING DEFENDANT GFS INDUSTRIES, LLC'S FIRST AMENDED RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT (ECF NO. 6)

      Came on to be considered Defendant GFS Industries, LLC's First Amended Rule 12(b)(6)

Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss") (ECF No. 6)[1]. The Motion to

---

[1] "ECF" denotes electronic filing docket number.

1

Dismiss seeks to dismiss with prejudice Plaintiff's Original Complaint for Determination of Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2) & (4) ("Complaint") (ECF No. 1). In response, Plaintiff Avion Funding, LLC filed Plaintiff's Opposition to Defendant's First Amended Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint ("Response") (ECF #7). The Court took the matter under advisement without the necessity of a hearing. For the reasons stated below, the Court GRANTS the Motion to Dismiss.

## JURISDICTION

This Court has jurisdiction over the Motion to Dismiss pursuant to 28 U.S.C. § 1334(b). Plaintiff's dischargeability claims are deemed a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for relief is Federal Rule of Civil Procedure ("Rule(s)") 12(b)(6), made applicable to this proceeding through Fed. R. Bankr. P. 7012 and Local Rule 7012. This matter is referred to this Court pursuant to the District Court's Order of Reference.

## BACKGROUND

Debtor GFS Industries, LLC ("Debtor" or "GFS") provides cleaning and environmental services to commercial tenants. As a result of the COVID pandemic, GFS anticipated that the increased demand for sanitation and cleaning services would enable its business to grow. GFS attempted to expand its business to meet the forecasted demand. With the burden of increased administrative costs, GFS resorted to seeking funding through Merchant Cash Advances ("MCA"). Because MCAs require factoring of future account receivables at a discount, GFS was unable to

service its operations without sufficient cash flow. Accordingly, GFS filed bankruptcy under the Subchapter V Chapter 11 provisions of Title 11, § 1181[2] *et seq*. on April 21, 2022.

The instant adversary proceeding was filed by one of GFS's MCA lenders, Avion Funding, LLC ("Avion"). Avion alleges that GFS made material misrepresentations concerning whether a bankruptcy filing was imminent and failed to disclose the existence of other, more senior, MCA lenders from which GFS obtained funding. As a result of these misrepresentations and nondisclosures, Avion claims that it has been harmed and seeks relief in the form of a declaration that the debt GFS owes to Avion be deemed nondischargeable.

## LEGAL STANDARD

### Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient facts to state a claim to relief that is plausible on its face. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In reviewing whether the complaint sufficiently states a claim on which relief may be granted, the Court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014). A court should dismiss a complaint if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In sum, a Rule 12(b)(6) motion to dismiss "may be granted either because a legal remedy based on the

---

[2] Unless otherwise indicated, all section references are to Title 11 U.S.C.___ *et. seq.*

3

alleged facts does not exist or because the facts as alleged, even if true, do not satisfy the legal requirements of the pleaded cause of action. *In re Rosetti,* No. 07-04063-DML, 2007 WL 2669265 (Bankr. N.D. Tex. September 6, 2007).

**Rule 9**

Though most causes of action are subject to Rule 8(a)'s pleading standard, Rule 9(b) establishes a heightened pleading standard for cases in which the Plaintiff alleges fraud. Under Rule 9(b), fraud claims must be alleged with particularity concerning the circumstances of the fraud. Fed. R. Civ. P. 9(b). Rule 9(b) requires the plaintiff to "plead the who, what, when, where, and why as to the fraudulent conduct." *Life Partner Creditors' Tr. v. Crowley (Matter of Life Partners Holdings, Inc.),* 926 F.3d 103, 117 (5th Cir. 2019).

The Court notes that the Motion to Dismiss makes no mention of and provides no argumentation on Rule 9's heightened pleading standard or whether the Complaint satisfies that standard. Instead, the Motion to Dismiss argues that the Complaint does not measure up to the standards set forth in Rule 8. Rule 9, rather than Rule 8, is the measuring stick in cases in which fraud is alleged. Fed. R. Civ. P. 9 ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake"). Here, the Court must apply Rule 9 because the Complaint alleges fraudulent behavior in all six counts. Consequently, any determinations as to factual sufficiency are made using the standard set forth in Rule 9.

DISCUSSION

In its Complaint, Avion alleges six causes of action under §§ 523, 727, and 1141 that all arise from the same operative facts. The Motion to Dismiss argues that Avion cannot prevail as a matter of law because none of the statutory predicates for the relief sought apply to GFS as a

corporate Subchapter V debtor. Conversely, Avion urges that the plain language of the statutes makes these adversary claims cognizable.

In 2019, Congress passed the Small Business Debtor Reorganization Act from which Subchapter V of Chapter 11 was born. Commentators and courts have determined that the legislation's purpose is to provide recourse to small business owners and individual debtors without the attendant costs and restraints imposed in traditional Chapter 11 cases. Notably, Subchapter V cases do not require the payment of US Trustee fees, filing of a disclosure statement, or application of the absolute priority rule. These changes have largely proven beneficial to those debtors who are able to take advantage of them.

Given the novelty of Subchapter V, courts continue facing important issues regarding its interpretation and implementation. As such, case law concerning the provisions of Subchapter V is lacking. Thus, the Court observes an important threshold issue present in this case: whether a corporate debtor can be granted a discharge in a Subchapter V case.[3] While the answer may seem obvious and unworthy of discussion, the newness of Subchapter V bares a close analysis of its provisions and their application. Indeed, dischargeability actions are moot if the debtor is not eligible for discharge or has voluntarily waived its discharge. In summary form, the validity of Avion's causes of action rely on the subtle—yet critical—assumption that GFS is entitled to a discharge at all. The Court will address the threshold discharge issue before analyzing each cause of action in turn.

---

[3] The Court recognizes that another interesting and unsettled issue underlies the issues presented: whether transactions classified as "Merchant Cash Advances" like the one here are considered sales or loans. In its briefing, Avion describes the transaction as a sale of receivables, while simultaneously seeking to have its "debt" deemed nondischargeable. With MCAs becoming increasingly common, the Court may be presented with this issue at some point in the future but will not answer the question in this decision.

I. ***Does a Corporate Subchapter V Debtor Receive a Discharge of its Debts?***

There are two statutes that control the discharge of debts for a corporate Subchapter V debtor: §§ 1141(d) and 1192. The answer to which statute controls a specific debtor's discharge is based on the character of that debtor's confirmed plan. If the plan is consensual, § 1141(d) governs. If, as here, the plan is nonconsensual and thus is confirmed under § 1191(b), then § 1192 controls the fate of the Subchapter V debtor's discharge. After reviewing the language in § 1192, the Court observes that the plain language of the statute contemplates granting corporate Subchapter V debtors a discharge of its debts.

Section 1192 states, "[i]f the plan of the debtor is confirmed under section 1191(b) of this title…the court shall grant the debtor a discharge of all debts provided in section 1141(d)(1)(A) of this title, and all other debts allowed under section 503 of this title and provided for in the plan." The operative statute uses the term "debtor" to describe those who receive discharges under § 1192. The term "debtor" is defined in § 101(13) as a "person or municipality concerning which a case under this title is commenced." The term "person" is also defined in § 101 at subsection (41) as including "individual, partnership, and corporation." Based on this language, it is evident that the term "debtor" in § 1192 encompasses corporations, not just individuals.

Notably, § 1192 does not contain a carve-out provision for non-individual debtors like the similarly drafted § 727(a)(1), which explicitly excludes non-individual debtors from discharge under Chapter 7. It provides, "(a) the court shall grant the debtor a discharge, unless— (1) the debtor is not an individual." 11 U.S.C. § 727(a)(1). Because § 1192 does not contain any provision that would preclude non-individual debtors from obtaining a discharge, the Court holds that the plain language of § 1192 grants a corporate Subchapter V debtor a discharge of debts provided the

debtor meets the statutory requirements.[4] Having established that corporate debtors can receive a discharge in Subchapter V, the Court will now analyze whether Avion can properly file this adversary to seek denial of discharge of its debt.

II. *Claims Under § 523(a)*

Avion brings two causes of action against GFS under § 523(a)(2) based on fraudulent behavior and misrepresentations it alleges GFS made when obtaining financing from Avion. The statutory predicates for these claims are § 523(a)(2)(A) and (a)(2)(B), respectively. To the extent the parties argue about the factual sufficiency of the claims pled, the Court concludes that there is sufficient factual content to survive a motion to dismiss. Consequently, the Court will focus its analysis on the legal sufficiency of the claims under § 523.

GFS posits that Avion's claims under § 523 must be dismissed as a matter of law because § 523(a) applies only to individual debtors, not corporate debtors. Avion, on the other hand, argues that § 1192's use of the generic term "debtor" means that for Subchapter V purposes, § 523(a) applies to both individual and corporate debtors. The issue, therefore, is whether corporate Subchapter V debtors may be held liable for § 523 claims. The Court observes that this is a case of first impression in this Circuit. For the reasons stated below, the Court determines that the interplay between §§ 1192(2) and 523(a) compels the conclusion that in the Subchapter V context, only individuals, not corporations, can be subject to § 523(a) dischargeability actions.

**a. The Applicability of § 523(a) to Corporate Subchapter V Debtors**

---

[4] This conclusion is further supported by the existence of this adversary. If Avion did not believe that GFS could receive a discharge, there would be no reason for Avion to file a dischargeability action. Although this issue was not briefed, it bares stating as the provisions of Subchapter V continue to be scrutinized throughout the court system. The Court believes clarification regarding the issue is important and fundamental to the analysis here.

As with any statutory interpretation exercise, the starting point for the analysis is the statute itself. Here, the pertinent statutes requiring interpretation are §§ 1192 and 523(a). § 1192 states, "the court shall grant the debtor a discharge of all debts provided in section 1141(d)(1)(A)." The statute goes on to except from discharge those debts that are "of the kind specified in section 523(a) of this title." 11 U.S.C. § 1192(2). On its face, § 1192(2) seeks to incorporate the list of debts that are deemed nondischargeable found in § 523(a), without regard for the character of the debtor. In the Court's judgment, however, the preamble to § 523(a) is critical to the analysis. Importantly, § 523(a) contains limiting language, stating that "[a] discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an *individual* debtor from any debt…" (emphasis added). Based on this language, the Court makes three observations concerning the interplay between §§ 1192 and 523.

First, § 1192(2)'s reference to § 523(a) only incorporates the list of nondischargeable debts, without expanding it. In other words, the language of § 1192(2) does not intend to except from discharge any debts that § 523(a) does not already except. Because § 523(a) unequivocally applies only to individuals, the language of § 1192(2) does not empower § 523(a) to cast a wider net than the text of § 523(a) permits. Had Congress included a phrase in § 1192(2) explicitly stating that the list found in § 523(a) applies to all debtors proceeding in Subchapter V, then the interpretation would be straightforward. Congress's choice not to insert this language is instructive.

Moreover, if Congress intended the list of debts to be applicable to corporate debtors, it knew how, because it did so in § 1141(d). Section 1141(d)(6) states: "the confirmation of a plan does not discharge *a debtor that is a corporation* from any debt (A) of the kind specified in

paragraph 2(A) or 2(B) of section 523(a) that is owed to a governmental unit…"(emphasis added).[5] Similarly, § 1141(d)(2) states: "A discharge under this chapter does not discharge a debtor *who is an individual* from any debt excepted from discharge under section 523 of this title." (emphasis added). This language is evidence that Congress knew, when it drafted § 1192(2), how to distinguish dischargeability based on the type of debtor. Congress did not make this distinction in § 1192(2). Thus, in order to determine to which debtors § 1192(2) refers, one must look to the language of § 523(a), which unequivocally applies only to individuals.

Second, the inclusion of § 1192 in § 523(a) would be rendered meaningless under any other interpretation. When Subchapter V was passed, Congress also amended § 523(a) to add the newly enacted § 1192 to the list of discharge provisions incorporated in the scope of § 523(a)'s discharge exceptions. § 523(a) now reads, "[a] discharge under section…*1192*…does not discharge an individual debtor…" (emphasis added). Section 1192's addition is vital to the analysis because it evinces Congress's intent. Section 1192(2) as written makes § 523 discharge exceptions applicable to "debtors" without regard to whether the debtor is an individual or a corporation. Critically though, had Congress intended § 523(a) exceptions to apply to entities as well, it would be unnecessary to add § 1192 to a statute that plainly applies to individual debtors only. The fact that Congress added § 1192 into § 523 demonstrates that Congress intended § 1192(2) to limit the § 523 exceptions in Subchapter V to individuals only.

This conclusion is mandated by the canon of statutory construction against surplusage. When interpreting statutes, courts should "lean in favor of a construction which will render every word operative, rather than one which may make some idle and nugatory." Antonin Scalia & Bryan

---

[5] The Court notes that because § 1141(d)(6) explicitly applies to corporations, GFS could face potential liability under this statute. § 1141(d)(6), however, only excepts debts under § 523(a)(2) to governmental entities. Here, GFS's debt to Avion is not governmental in nature and thus § 1141(d)(6) would not apply to the debt owned by Avion.

A. Garner, <u>Reading Law: The Interpretation of Legal Texts</u> 69, 174 (2012) (citing Thomas M. Cooley, *A Treatise on the Constitutional Limitations Which Rest upon the Legislative Power of the States of the American Union* 58 (1868)). Here, interpreting § 523 as excepting from discharge debts of corporate debtors in Subchapter V would be to ignore the import of § 1192 into § 523(a). The Court believes the correct interpretation is one which gives meaning to the amendment to § 523. This position compels the Court to conclude that discharge exceptions found in § 523 apply to an § 1192 discharge, but only as to individual debtors.

Third, corporate debtors proceeding under Chapter 11 historically have been immune to dischargeability actions under § 523(a). It is well-settled law in this circuit that the § 523 exceptions to discharge apply only to individuals, not to corporations. *See* ***Garrie v. James L. Gray, Inc.,*** 912 F.2d 808, 812 (5th Cir. 1990) ("the 'willful and malicious injury' exception to discharge, like all of the exceptions to discharge found in section 523(a), applies only to individual, not corporate debtors") (citing ***Yamaha Motor Corp., U.S.A. v. Shadco, Inc.,*** 762 F.2d 668, 670 (8th Cir. 1985)). As this Court itself has explained, it is clear from the language of the Chapter 11 discharge statutes "that corporate debtors in Chapter 11 are not subject to a complaint to determine dischargeability of debt under § 523(a)." ***New Venture Partnership v. JRB Consolidated, Inc. (In re JRB Consolidated, Inc.)***, 188 B.R. 373, 374 (Bankr. W.D. Tex. 1995). For Congress to suddenly depart from this well-established principle when it enacted Subchapter V defies reason.[6] It is much more likely, and confirmed by the language used in Subchapter V, that Congress

---

[6] While the Court generally is hesitant to rely on legislative history, Judge Paul Bonapfel points out that neither the Report of the Judiciary Committee of the House of Representatives nor testimony given to the Committee regarding § 1192 acknowledged any expansion of the existing Chapter 11 corporate discharge exceptions. Hon. Paul W. Bonapfel, Guide to the Small Business Reorganization Act of 2019, (2022), https://www.ganb.uscourts.gov/sites/default/files/sbra_guide_pwb.pdf at 204-205. Bonapfel points out that had Congress intended to make a seismic change to existing Chapter 11 law, one would expect the House Judiciary Committee Report to have pointed out this change. *Id.* at 205. The fact that it did not is further evidence that Congress did not intend § 523's discharge exceptions to apply to Subchapter V corporate debtors.

intended to expand, not discontinue, the principle that Chapter 11 corporate debtors are not subject to § 523(a) complaints to determine dischargeability. Because Subchapter V is merely a subchapter to the broader Chapter 11, this is the required result.

More compelling, the provisions governing Chapter 11 discharge imply that § 523(a) should not apply to corporate debtors. Section 1141(d)(2) states, "[a] discharge under this chapter does not discharge a debtor *who is an individual* from any debt excepted from discharge under section 523 of this title." (emphasis added). Had Congress intended that corporate debtors also be held to the provisions of § 523(a), then clarifying that only individuals under Chapter 11 are liable for § 523 exceptions to dischargeability makes little sense.

In sum, the statutory language along with the broader Chapter 11 statutory scheme mandate this Court's holding that corporate debtors proceeding under Subchapter V cannot be made defendants in § 523 dischargeability actions. Avion's claims under § 523, therefore, must be dismissed for a lack of legal foundation.

### b. This Court's Previous Decision Regarding § 523 Discharge Exceptions in Chapter 12

In concluding that Subchapter V corporate debtors cannot be made defendants in § 523 dischargeability actions, the Court is mindful of its previous opinion deciding a similar issue regarding § 523(a)'s relationship with Chapter 12 discharges. Some courts and commentators have cited this Court's decision in *In re JRB Consolidated, Inc.*, 188 B.R. 373, arguing that the Court's reasoning allowing a § 523(a) dischargeability action against a corporation in Chapter 12 should be extended with regard to Subchapter V because the language of §1228(a) (controlling discharge in Chapter 12 cases) and § 1192(2) is substantially similar. *In re Cleary Packaging, LLC,* 36 F.4th 509, 516 (4th Cir. 2022); 5 Norton Bankr. L. & Prac. § 107:19 (3d ed. 2021); William L. Norton,

11

III and James B. Bailey, *The Pros and Cons of the Small Business Reorganization Act of 2019*, 36 EMORY BANKR. DEV. J. 383, 386, n. 25 (2020). For the following reasons, the Court believes that its decision in the instant case disallowing dischargeability actions under § 523 as to corporations in Subchapter V can be harmonized with its previous decision in ***In re JRB Consolidated, Inc.***

In ***In re JRB Consolidated, Inc.***, a creditor filed a complaint to determine dischargeability under §§ 523(a)(2) and 523(a)(6) against the debtor, which was a corporation proceeding under Chapter 12. 188 B.R. at 373. The debtor filed a motion to dismiss the complaint on the grounds that § 523(a) did not apply to corporate Chapter 12 debtors, due to § 523(a)'s explicit application to individuals only. *Id.* The Court denied the motion to dismiss, holding that, for the purposes of Chapter 12, the exceptions to discharge found in § 523(a) apply to corporate debtors, not just individual debtors. *Id.* Judge Kelly arrived at this conclusion by examining the interplay of §§ 1228 and 523(a).

The Court began its analysis by comparing discharges in Chapter 11 to discharges in Chapter 12. *Id.* at 374. The Court noted that Chapter 11 provides, "a discharge under this chapter does not discharge a debtor who is an individual from any debt excepted from discharge under section 523 of this title." 11 U.S.C. § 1141(d)(2). In contrast, Chapter 12's incorporation of § 523 is broader, making the § 523(a) exceptions to discharge applicable to "the debtor" without distinction between corporate debtors and individual debtors: "the court shall grant the debtor a discharge of all debts…except any debt— (2) of the kind specified in section 523(a) of this title." 11 U.S.C. § 1228(a)(2). This distinction convinced Judge Kelly that no inconsistency existed between § 1228(a)'s broader application and the limited application of § 523(a) because "individual debtors are still subject to the § 523(a) exceptions" under Chapter 12. *Id.* Thus, Judge

12

Kelly held that § 1228(a) "does not incorporate the limiting definition found in the introductory paragraph of § 523(a)." *Id.*

The Court recognizes the similarities between the language of §§ 1228(a)(2) and 1192(2). Despite the similar language, the Court does not find its decision in this case as inconsistent with the ruling in ***In re JRB Consolidated***. Critical to Judge Kelly's decision was the difference between the operation of Chapter 11 corporate discharges and Chapter 12 corporate discharges. Judge Kelly pointed out that the provisions of Chapter 11 are narrower, only excepting from discharge 1) a liquidating corporate debtor that would otherwise be denied a discharge under § 727(a) (§ 1141(d)(3)); and 2) individual Chapter 11 debtors who have debts of the kind enumerated in § 523(a) (§ 1141(d)(2)). Given the limited exceptions to discharge in Chapter 11, Judge Kelly observed that "it seems clear from that language that corporate debtors in Chapter 11 are not subject to a complaint to determine dischargeability of debt under § 523(a)." *Id.* at 374. Because Subchapter V is not its own chapter of bankruptcy, but rather is a subchapter of Chapter 11, Judge Kelly's analysis regarding Chapter 11 discharges remains applicable to the case here.

Furthermore, Judge Kelly recognized the uniqueness of Chapter 12, stating that the broad language of § 1228(a), "would appear to be consistent with the intent of Congress to provide special treatment for certain kinds of debtors otherwise eligible to file for Chapter 12." *Id.* In short, because Chapter 12 is only available to a small and specific subset of debtors, Chapter 12 cases have unique considerations that are not present in a Chapter 11 case. Therefore, the Court is not mandated to extend the holding that Chapter 12 corporate debtors are subject to § 523 dischargeability actions into Subchapter V notwithstanding the similar language between §§ 1228(a) and 1192(2).

### c. Decisions of Other Bankruptcy Courts

To date, four bankruptcy courts have decided this precise issue. All four bankruptcy courts have held that the § 523(a) exceptions to discharge are applicable only to individuals, not corporations in Subchapter V. ***Jennings v. Lapeer Aviation, Inc. (In re LaPeer Aviation, Inc.),*** Adv. No. 22-03002, 2022 WL 1110072 (Bankr. E.D. Mich. Apr. 13, 2022); ***Catt v. Rtech Fabrications, LLC (In re Rtech Fabrications LLC),*** 635 B.R. 559 (Bankr. D. Idaho 2021); ***Cantwell-Cleary Co., Inc., v. Cleary Packaging (In re Cleary Packaging, LLC),*** 630 B.R. 466 (Bankr. D. Md. 2021), *rev'd* 36 F.4th 509 (4th Cir. 2022); ***Gaske v. Satellite Rest., Inc. Crabcake Factory USA (In re Satellite Rest., Inc. Crabcake Factory USA),*** 626 B.R. 871 (Bankr. D. Md. 2021). All four decisions granted motions to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Court agrees with the rationales of the courts as explained below.

The bankruptcy courts deciding this issue have been unanimous in pointing out that the limiting language of § 523(a) is dispositive of the issue. As the court in ***In re Lapeer Aviation, Inc.*** observed, "the first sentence of § 523(a) clearly limits the denial of discharge to 'an individual debtor.'" 2022 WL 1110072 at *2. The court goes on to cite numerous pre-Subchapter V cases from across the country to support this proposition. *See id.* (citing ***In re MF Glob Holdings, Ltd.,*** No-11-15059(MG) 2012 WL 734175 at *3 (Bankr. S.D.N.Y. Mar. 6, 2012); ***Savoy Records Inc. v. Trafalgar Assocs. (In re Trafalgar Assocs.)*** 53 B.R. 693, 696 (Bankr. S.D.N.Y. 1985); ***Williams v. Sears Holding Co.,*** No. 06-PWG-455-M, 2008 WL 11424255 at *5 (N.D. Ala. Mar. 28 2008); ***Garrie,*** 912 F.2d at 812. As such, the ***Lapeer Aviation*** court found it prudent to expand the reasoning that the preamble to § 523(a), and its limitation to individuals, applies in Subchapter V cases. As discussed above, this Court also finds this limitation applicable to Subchapter V.

14

Next, the bankruptcy courts have all invoked the canon of statutory interpretation which requires that every word in the statute should be given meaning. The bankruptcy courts explain that "the reference to Section 1192 added to Section 523(a) by [Subchapter V] must be given meaning, and the only reasonable meaning is that Congress intended to continue to limit the application of the Section 523(a) exceptions in a Subchapter V case to individuals." *In re Satellite Rest., Inc.,* 626 B.R. at 876. The Court finds this reasoning sound and incorporates it herein.

The bankruptcy courts have also analyzed the history of the corporate discharge in Chapter 11. The courts have pointed out that the corporations were subject to discharge exceptions as far back as 1898. *In re Rtech Fabrications, LLC,* 635 B.R. at 565 (citing *In re Cleary Packaging, LLC,* 630 B.R. at 474). Congress pivoted from that scheme when it introduced the Bankruptcy Code in 1978, by intentionally removing causes of action that enabled creditors to seek a determination of dischargeability against a corporate debtor in Chapter 11. *In re Cleary Packaging, LLC,* 630 B.R. at 474. The only exception to discharge for corporations in the current version of the Bankruptcy Code is found in § 1141(d)(6). This exception was controversial enough that it took eight years to be enacted. *Id.* Given this history, according to the *Cleary Packaging* bankruptcy court, "the suggestion that Congress incorporated 19 new exceptions to discharge for small corporations in a bill that was introduced in April 2019, and signed into law by the President in August 2019, seems not only improbable, but also contradicts years of bankruptcy law and policy." *Id.* at 475. The Court finds this reasoning persuasive.

Finally, the *Cleary Packaging* court identified the fact that § 523(a)—and § 1192 more broadly—only comes into play, with respect to a corporate debtor, if the confirmed plan was a nonconsensual one. *Id.* It makes little sense for Congress to except from discharge debts of the kind specified in § 523 as to Debtor A whose plan is nonconsensual but not as to Debtor B whose

15

plan is consensual. This struck the court as a result that "is arbitrary and undermines the equality principles of creditor treatment under the Code." *Id.* at 476. This Court agrees.

### d. The Fourth Circuit's Opinion in *In re Cleary Packaging, LLC*

The Fourth Circuit, in reversing the bankruptcy court, considered the statutes at issue and determined that Congress intended to make § 523(a) exceptions to discharge applicable to all debtors proceeding under Subchapter V. To support this conclusion, the Fourth Circuit makes six primary arguments based on an analysis of the text, an examination of the purpose Subchapter V, as well as a discussion concerning fairness and equity.

At the outset, the Fourth Circuit proclaimed that "[t]he section's use of the word 'debt' is, we believe, decisive, as it does not lend itself to encompass the 'kind' of *debtors* discussed in the language of § 523(a)." *In re Cleary Packaging, LLC,* 36 F.4th at 515 (emphasis in original). Further, the court reasoned that "§ 1192(2)'s cross-reference to § 523(a) does not refer to any *kind of debtor* addressed by § 523(a) but rather to a *kind of debt* listed in § 523(a)." *Id.* This Court does not necessarily disagree with the idea that the word debt does not require considering the kind of debtor. Indeed, had § 523(a) not been amended to include § 1192 in its limiting language, the Fourth Circuit's interpretation could be correct. Congress did, however, amend § 523(a) to include § 1192 into the limiting language, which in the Court's view, changes the result.

In addressing this point, the Fourth Circuit countered that "to the extent that one might find tension between the language of § 523(a) addressing individual debtors and language of § 1192(2) addressing both individual and corporate debtors—that the more specific provision should govern over the more general." *Id.* (citing *S.W. Ga. Farm Credit, Aca v. Breezy Ridge Farms, Inc. (In re Breezy Ridge Farms, Inc.),* No. 09-1011, 2009 WL 1514671, at *2 (Bankr. M.D. Ga. May 29,

2009)). Because § 1192(2) applies only to Subchapter V, whereas § 523(a) applies to all chapters of the Bankruptcy Code, the Fourth Circuit concluded that § 1192(2)'s inclusion of all debtors should control. In this Court's judgment, the Fourth Circuit misapplied this principle. The "general/specific" canon only applies "when conflicting provisions simply cannot be reconciled— when the attribution of no permissible meaning can eliminate the conflict." Scalia & Garner, *supra*, at 183. To reiterate, the Court believes its interpretation maintains harmony between §§ 523(a) and 1192(2). This is mostly because of § 1192(2)'s appearance in the text of § 523(a). Thus, this Court disagrees with the Fourth Circuit's application of the canon.

Next, the Fourth Circuit found support for its decision in the scope of discharge found in other chapters of the Bankruptcy Code. For example, Chapter 13 and Chapter 7 discharges are only available to individuals. Chapter 11 discharges are available to both individuals and corporations, but Congress was explicit in "excluding a different array of debts from discharge" for each type of debtor. ***In re Cleary Packaging, LLC,*** 36 F.4th at 516. The Fourth Circuit concludes that, because "Congress conscientiously defined and distinguished the kinds of debtors covered by each provision" then its decision to have the discharge provision in Subchapter V apply to both individuals and non-individuals is evidence that Congress intended individuals and non-individuals' discharge under Subchapter V to be treated the same. ***Id.***

While plausible, the history of Chapter 11 corporate discharge supports the opposite conclusion. As discussed above, corporations have not been subject to § 523(a) exceptions to discharge since the inception of the Bankruptcy Code, in part to soothe problems with implementing a corporate exception to discharge that arose under the previous scheme. ***In re Rtech Fabrications, LLC,*** 635 B.R. at 565 (citing ***In re Cleary Packaging, LLC,*** 630 B.R. at 474). Given this history, Judge Paul Bonapfel remarks that "it is difficult to conclude that, in enacting a statute

17

universally proclaimed to have the purpose of facilitating reorganization of small businesses, by among other things, eliminating the absolute priority rule in a cramdown situation, Congress in 2019 intended to reintroduce all the problems with exceptions to the discharge of a corporation that it eliminated over 50 years earlier." Bonapfel, *supra,* at 237. This Court finds Judge Bonapfel's reasoning persuasive and adopts it here.

The Fourth Circuit then observed that § 523(a)'s limitation to individuals is difficult to reconcile with § 1141(d)(6)'s reference to § 523(a) and its instructions that it applies only to corporate debtors. ***In re Cleary Packaging, LLC,*** 36 F.4th at 516. The Fourth Circuit points out that § 1141 is also present in § 523(a)'s limiting preamble. ***Id.*** In other words, the Fourth Circuit takes the position that if the phrase "of a kind" in § 1192(2) incorporates 523(a)'s limiting language, then the same phrase in § 1141(d)(6) must also limit § 523(a)'s incorporation in § 1141(d)(6) to individuals. According to the Fourth Circuit, this interpretation would render § 1141(d)(6)'s application to only corporations meaningless. ***Id.***

The context in which §§ 1141(d)(6) and 1192(2) operate resolves this tension, to the extent it exists. Section 1141(d)(6) references specific subparagraphs of § 523(a)(2), and only provides an exception to discharge for debts from certain entities. 11 U.S.C. § 1141(d)(6) (excepting from discharge debts under § 523(a)(2), but only as to debts to governmental entities). Section 1192(2), in contrast, applies § 523(a) more broadly. There are no limitations placed on how § 523(a) would apply to a potential corporate defendant. The Court, therefore, agrees with Judge Bonapfel that the context of the statutes "make[s] it appropriate to interpret the same words differently." Bonapfel, *supra,* at 219.

The Fourth Circuit further supported its position by analogizing Chapter 12's language in § 1228(a) to the language of § 1192(2) by citing two cases which analyze the language in § 1228(a) and hold that the § 523(a) exceptions to discharge it contains are applicable to both corporate and individual debtors. *See **In re Cleary Packaging, LLC,*** 36 F.4th at 516 (citing ***In re JRB Consolidated, Inc.,*** 188 B.R. 373; ***In re Breezy Ridge Farms, Inc.,*** 2009 WL 1514671). Because the language of § 1228(a) and § 1192(2) are "virtually identical", then the Fourth Circuit reasons that the two provisions should be interpreted the same way. ***Id.*** One of the cases the Fourth Circuit relies on is this Court's prior ruling in ***In re JRB Consolidated, Inc.*** 188 B.R. 373. As analyzed above, this Court does not believe that the same result is mandated despite the similar language in Chapter 12, primarily because "§ 1141(d) distinguishes between individual and corporate discharges." Bonapfel, *supra*, at 224. As one of the bankruptcy courts remarked, "[t]he lack of such distinction within Chapter 12 considered in conjunction with the narrowly circumscribed type of entity that may be a Chapter 12 debtor renders analogy between the two discharge provisions unpersuasive." ***In re Cleary Packaging, LLC,*** 630 B.R. at 472, n. 9 (quoting ***United States ex rel. Minge v. Hawker Beechcraft, Inc. (In re Hawker Beechcraft, Inc.),*** 515 B.R. 416, 430 (S.D.N.Y. 2014)). This Court likewise finds any comparison between Subchapter V and Chapter 12 unavailing.

The Fourth Circuit next argued that its interpretation is grounded in the purposes of Subchapter V as contrasted by Chapter 11 procedures more broadly. The Fourth Circuit observed that Chapter 11 explicitly makes distinctions between discharge provisions applicable to individual debtors and discharge provisions applicable to corporate debtors. The discharge provision of Subchapter V, however, "provides benefits to small business debtors, regardless of whether they are individuals or corporations." ***In re Cleary Packaging, LLC,*** 36 F.4th at 517. Therefore, the

Circuit concluded, "an important purpose for Subchapter V would be frustrated" if the bankruptcy court's interpretation were given effect. ***Id.***

This Court finds this argument puzzling. Exactly what purpose would be frustrated by keeping with the decades-long policy of exempting entities from discharge exceptions under § 523(a) is unclear. In fact, this Court believes that it is the Fourth Circuit's opinion that would frustrate the entire Chapter 11 statutory scheme. Because making § 523(a) applicable to corporations is such a deviation from the common understanding of the Bankruptcy Code, Subchapter V's inclusion in Chapter 11 becomes less fitting. Had Congress intended that Subchapter V operate differently in this way, it could have created a new chapter of bankruptcy for small businesses. Nonetheless, Congress chose to include Subchapter V into the broader Chapter 11 scheme. This Court views this choice as instructive. Moreover, the practical effect of making § 523(a) applicable to corporations in Subchapter V cases, but not in traditional Chapter 11 cases would disincentivize corporations from availing themselves of the benefits of Subchapter V. The idea that Congress would aim to create a simpler option for a corporation to pursue bankruptcy while simultaneously implementing impediments to that debtor achieving a discharge of its debts defies reason.

Finally, the Fourth Circuit defended its view by invoking fairness and equity principles. The court recognized that, with the elimination of the absolute priority rule, creditors' rights have been altered in Subchapter V. According to the Fourth Circuit, this means that Congress must have intended § 523(a) to apply to all debtors as a way of counteracting this change in treatment. The Fourth Circuit summarized its position this way: "[g]iven the elimination of the absolute priority rule, Congress understandably applied limitations on the discharge of debts to provide an

additional layer of fairness and equity to creditors to balance against the altered order of priority that favors the debtor." *Id.*

This Court observes that in general unsecured creditors in a Subchapter V corporate case are benefitted, not harmed, by shielding the debtor from having any debts deemed nondischargeable. For example, if a debtor carries a nondischargeable debt, the debtor would be wise to seriously consider converting to a Chapter 7 liquidation. Unsecured creditors generally receive less under a liquidation than under a feasible plan because liquidation "results in competition for available funds between unsecured creditors with dischargeable debts and those with nondischargeable debts." Bonapfel, *supra,* at 234. The bad news for those creditors whose debts are dischargeable is that "every dollar paid on the nondischargeable debt in excess of a pro rata share of disposable income is a dollar that is not paid to unsecured creditors generally." *Id*. In the end, the courts may be met with mounds of dischargeability actions from creditors all seeking to have their debts deemed nondischargeable. This strikes the Court as a loss for everyone involved. Consequently, the Court is unconvinced by the Fourth Circuit's fairness argument.

For the foregoing reasons, the Court disagrees with the Fourth Circuit's decision in ***In re Cleary Packaging, LLC,*** and joins its sister bankruptcy courts in holding that corporate Subchapter V debtors should not be subject to § 523 dischargeability actions. Accordingly, Avion's claims against GFS under § 523(a)(2) are dismissed with prejudice under Rule 12(b)(6).

III.    *Claims Under § 727(a)*

Avion also brings three claims under § 727(a) seeking a determination that GFS be denied a discharge of any debts. Specifically, Avion alleges causes of action under § 727(a)(3), (4), and (5) respectively. GFS, in its Motion to Dismiss, argues that these claims should be dismissed as a

matter of law because § 727 applies only to Chapter 7 proceedings. In response, Avion argues that § 1141(d)(3)(C) incorporates § 727 into Chapter 11 proceedings, and thus GFS is subject to its discharge exclusions. Interestingly, the Motion to Dismiss does not contest the plausibility of the § 727 claims as pled, instead focusing solely on the inapplicability of § 727 and seeking dismissal of those claims as a matter of law. Consequently, the Court determines that the § 727 claims are sufficiently pled and will tailor its analysis to the applicability of § 727 to Chapter 11.

Section 727 of the Bankruptcy Code governs discharge in Chapter 7 cases. Specifically, subsection (a) of § 727 governs the exceptions to discharge. Most often, § 727 is invoked when a creditor, in a Chapter 7 proceeding, seeks a determination that the debtor should not be entitled to a discharge of any of its debts. Avion is correct in asserting that § 1141(d)(3)(C) incorporates the conduct that would deny a debtor's discharge under § 727 into Chapter 11 cases. Section 1141(d)(3)(C) states: "(3) the confirmation of a plan does not discharge a debtor if—…(C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under Chapter 7 of this title." The plain language of this provision imports § 727 liability into Chapter 11 cases. To the Court's way of thinking, § 1141(d)(3)(C) asks a court to treat the Subchapter V case as if it were a Chapter 7 case and measure the debtor's conduct against the list of nondischargeable actions in § 727(a).

What Avion ignores, however, is that § 1181(c) makes § 1141 inapplicable to this particular case because the confirmed plan is nonconsensual. Section 1181(c) states: "[i]f a plan is confirmed under section 1191(b) of this title, section 1141(d) of this title shall not apply, except as provided in section 1192 of this title." Here, the Court confirmed GFS's plan of reorganization under § 1191(b) because it was a nonconsensual plan. Consequently, § 1181(c) operates to make any subsections of § 1141(d) inapplicable, including § 1141(d)(3)(C), the vehicle used by Avion to

import § 727 liability. There is no provision in § 1192 that would reinstate § 1141(d)'s applicability to the case.

Even if § 1141(d) was in play here, § 1141(d)(3)(C) is only one element of the broader provisions of § 1141(d)(3). Notably, the other two elements are not met here. Section 1141(d)(3) as a whole states,

> [t]he confirmation of a plan does not discharge a debtor if (A) the plan provides for the liquidation of all or substantially all of the property of the estate; (B) the debtor does not engage in business after consummation of the plan; and (C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under Chapter 7 of this title.

11 U.S.C. § 1141(d)(3)(C). The word "and" is critical because it operates to create an all or nothing proposition. Here, GFS's Subchapter V plan does not contemplate liquidating property of the estate, and the business will continue to operate past the confirmation of the plan (as a means to fund the plan). These two circumstances leave § 1141(d)(3)(A) and (B) unsatisfied and thus render (C) inoperative. Because Avion relies on § 1141(d)(3) to import § 727 liability to GFS, all subsections of § 1141(d)(3) must be present for § 727 to apply here. Since at least subsections (A) and (B) are inapplicable, it follows that § 727 is also inapplicable.

Furthermore, even if § 727(a) did apply to this case, it does not apply to entities by virtue of its language. Section 727(a)(1) explicitly excepts non-individual debtors from discharge under Chapter 7. ("The court shall grant the debtor a discharge, unless—the debtor is not an individual"). The other eleven subsections of § 727 describe conduct that would make a debtor ineligible for a discharge. If the other subsections were intended to include non-individual debtors, there would be no need to specifically exclude non-individual debtors at the outset of § 727. The Court again declines to offer an interpretation that renders part of the statute superfluous. Scalia & Garner,

*supra,* at 174. Accordingly, the Court determines that § 727's limits on dischargeability do not apply to GFS insofar as GFS is not an individual debtor. Therefore, all causes of action under § 727 shall be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

IV. ***Claim Under § 1141(d)(3)***

Similarly, the Court dismisses Avion's claim under § 1141(d)(3) for failure to state a claim upon which relief can be granted. Although the Court believes that Avion's complaint is factually sufficient to support a claim, it fails as a matter of law for two reasons. First, § 1141(d)(3) does nothing more than incorporate § 727 dischargeability claims into liquidating Chapter 11 cases. As such, there is no independent dischargeability claim under this statute. As just discussed, § 727 does not apply to GFS and thus Avion's reliance on § 1141(d)(3) for a dischargeability claim does not state a claim upon which relief can be granted.

Second, as discussed with regard to the § 727 claims, the provisions of Subchapter V render § 1141(d) inapplicable to this case. Again, because the confirmed plan here is nonconsensual, § 1181(c) becomes operative, thus eliminating § 1141(d) from use in this case. Therefore, Avion's dischargeability claim under § 1141(d)(3) is legally insufficient to proceed and must be dismissed under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, the Court holds that corporate debtors electing to proceed under Subchapter V of Chapter 11 are not subject to complaints to determine dischargeability pursuant to § 523(a). Additionally, §§ 727 and 1141(d) are not applicable in this case and do not provide a basis for a dischargeability action against GFS here.

Accordingly, IT IS ORDERED that Defendant's First Amended Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint (ECF No. 6) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Original Complaint for Determination of Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2) & (4) (ECF No. 1) is DISMISSED WITH PREJUDICE to refiling.

# # #