

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: February 03, 2023.**

_Craig A. Gargotta_
_____
**CRAIG A. GARGOTTA**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 22-50403-cag |
| | § | |
| GFS INDUSTRIES, LLC, | § | CHAPTER 11 |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| AVION FUNDING, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADV. NO. 22-05052-cag |
| | § | |
| GFS INDUSTRIES, LLC, | § | |
| | § | |
| Defendant. | § | |

### ORDER GRANTING PLAINTIFF'S MOTION TO CERTIFY ORDER FOR DIRECT APPEAL PURSUANT TO 28 U.S.C. § 158 (ECF NO. 15)

Came on for consideration the above-numbered adversary proceeding and, in particular, Plaintiff Avion Funding, LLC's Motion to Certify Order for Direct Appeal Pursuant to 28 U.S.C. § 158 ("Motion for Certification") (ECF No. 15). For the reasons stated below, the Court GRANTS

1

the Motion for Certification.

**STATUTORY AND RULE AUTHORITY**

This certification is made pursuant to 28 U.S.C. § 158(d)(2).[1] This certification is governed by Fed. R. Bankr. P. 8006.[2]

**BACKGROUND**

On November 11, 2022, the Court issued its Order Granting Defendant GFS Industries, LLC's First Amended Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint ("Order") (ECF No. 9). The Order dismissed the case as a matter of law on the grounds that corporate subchapter V debtors could not have 11 U.S.C. § 523 nondischargeability actions brought against them. On November 22, 2022, Avion Funding, LLC ("Avion") filed its Notice of Appeal giving notice that Avion had appealed the Court's Order (ECF No. 11). The Notice of Appeal was timely filed under Rule 8002(a)(1) and November 22, 2022, is the "effective" date of the Notice of Appeal under Rule 8002(a). Avion's Notice of Appeal was transmitted to the United States District Court for the Western District of Texas ("District Court") and assigned Case No. 5:22-cv-01274.

On December 5, 2022, Avion filed its Motion for Certification pursuant to Rule 8006(f) seeking a certification from this Court that the matter should be appealed directly to the Fifth Circuit Court of Appeals ("Fifth Circuit"). The Motion for Certification was timely filed within 60 days of the entry of the order being appealed in accordance with § 158(d)(2)(E). No response or cross-request was filed by GFS Industries, LLC ("GFS"). The Court set the Motion for Certification for hearing on January 19, 2023.

At the hearing, counsel for Avion explained the reasons why a direct appeal to the Fifth Circuit was prudent under § 158(d)(2). Counsel for GFS appeared and told the Court that counsel

---

[1] Unless otherwise indicated, all section references are to Title 28 U.S.C.___ *et. seq.*
[2]Hereinafter, all rules refer to the Federal Rules of Bankruptcy Procedure unless specifically noted otherwise.

2

had not received authorization from his client to either support or oppose the Motion for Certification. The Court took the matter under advisement.

**JURISDICTION**

Under Rule 8006(f), a court may certify a direct appeal to the court of appeals upon request by a party. To properly certify a direct appeal, a court must serve its certification on the parties to the appeal in the manner required by Rule 8003(c)(1). Fed. R. Bank. P. 8006(f)(5). A party may file a response or cross-request within 14 days after the request is served or within 60 days after the entry of the order being appealed, whichever comes first. Fed. R. Bankr. P. 8006(f)(3). Oral argument on the request to certify is not necessary, but up to the discretion of the court. Fed. R. Bankr. P. 8006(f)(4).

For a court to have jurisdiction to certify a direct appeal, the matter must be "pending" in that court. Fed. R. Bankr. P. 8006(d). For the purposes of Rule 8006, "a matter remains pending in the bankruptcy court for 30 days after the effective date under Rule 8002 of the first notice of appeal from the judgment, order, or decree for which direct review is sought." Fed. R. Bankr. P. 8006(B). "A matter is pending in the district court . . . thereafter." *Id*.

In the present case, Avion filed its Notice of Appeal on November 22, 2022, and it was docketed on November 22, 2022. (ECF No. 11). Under Rule 8002, the "effective date" of the Notice of Appeal is November 22, 2022. The matters at issue in the appeal remain pending in the bankruptcy court for thirty days after November 22, 2022. Fed. R. Bankr. P. 8006(b). Here, the thirtieth day is December 22, 2022. Avion filed its Motion for Certification on December 5, 2022. Thus, the Motion for Certification was filed when the case was still pending in this Court. The Court found it necessary to set the Motion for Certification for hearing and did so on January 19, 2023. The Court took the matter under advisement.

The Court finds that because the Motion for Certification was filed while the matter was still pending in this Court, it has discretion regarding when to rule on the Motion for Certification. Under § 158(d)(2)(B), when the bankruptcy court receives a request to certify a direct appeal "by a majority of the appellants and a majority of appellees…then the bankruptcy court…shall make the certification". Here, there is only one appellant and one appellee. The appellant, Avion, is the party requesting certification. The appellee, GFS, did not oppose certification. Therefore, the Court finds that it has jurisdiction to certify a direct appeal notwithstanding the fact that this decision on the Motion for Certification is outside the thirty-day period in which the matter is pending in this Court. While the Court finds support for its assertion of jurisdiction over this certification in § 158(d), to the extent that it may be necessary, the Court invokes its 11 U.S.C. § 105 powers to extend the deadline such that this order and accompanying certification are timely.

### INFORMATION REQUIRED BY FED. R. BANKR. P. 8006(F)(2)(A)–(D)

Rule 8006(f), which allows a court to certify a direct appeal upon request, requires the Motion for Certification to include the information required by Rule 8006(f)(2)(A)–(D). This information includes the facts necessary to understand the question presented on appeal, the question presented on appeal, the relief sought, and the reasons for the direct appeal as discussed in 28 U.S.C. § 158(d)(2)(A)(i)–(iii).

### A. The Facts Necessary to Understand the Question Presented (Rule 8006(f)(2)(A))

In its Motion for Certification, Avion correctly states the necessary facts. The Court summarizes the necessary facts below.

Debtor GFS provides cleaning and environmental services to commercial tenants. As a result of the COVID pandemic, GFS anticipated that the increased demand for sanitation and cleaning services would enable its business to grow. GFS attempted to expand its business to meet

the forecasted demand. With the burden of increased administrative costs, GFS resorted to seeking funding through Merchant Cash Advances ("MCA"). Because MCAs require factoring of future account receivables at a discount, GFS was unable to service its operations without sufficient cash flow. Accordingly, GFS filed bankruptcy under the Subchapter V Chapter 11 provisions of Title 11, § 1181 *et seq.* on April 21, 2022.

This adversary proceeding was filed by one of GFS's MCA lenders, Avion. Avion alleges that GFS made material misrepresentations concerning whether a bankruptcy filing was imminent and failed to disclose the existence of other, more senior, MCA lenders from which GFS obtained funding. As a result of these misrepresentations and nondisclosures, Avion claims that it has been harmed and seeks relief in the form of a declaration that the debt GFS owes to Avion be deemed nondischargeable.

### B.  The Questions Presented on Appeal (Rule 8006(f)(2)(B))

Avion contends that the only question presented on appeal is:

1.  Whether corporate debtors proceeding under Subchapter V of Chapter 11 may be held liable for claims under 11 U.S.C. § 523(a).

This Court agrees that this is the only question presented for appeal.

### C.  The Relief Sought (Rule 8006(f)(2)(C))

On appeal, Avion seeks a determination that this Court erred in granting GFS's motion to dismiss the adversary on the basis that corporate debtors electing to proceed under Subchapter V of Chapter 11 are not subject to complaints to determine dischargeability pursuant to 11 U.S.C. § 523(a).

### D.  Reasons Why Direct Appeal Should Be Allowed, Including Circumstances Specified in 28 U.S.C. § 158(d)(2)(A)(i)–(iii)

This Court may authorize a direct appeal to the Fifth Circuit if it certifies that:

(i)     the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;

(ii)    the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or

(iii)   an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken; and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

28 U.SC. § 158(d)(2)(A)(i)–(iii). "If any of the four conditions precedent are met, the bankruptcy court *shall* make the certification per § 158(d)(2)(B)(ii)." ***In re Adkins***, 517 B.R. 698, 699 (Bankr. N.D. Tex. 2014).

Pursuant to § 158(d)(2)(A)(i), the first issue is whether this Court's ruling on GFS's motion to dismiss involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or whether the order involves a matter of public importance. This Court certifies that both conditions are present. First, Avion points out that there is no controlling decision from the Fifth Circuit regarding the issue on appeal. There is also no controlling decision from the Supreme Court on the issue. Avion argues that the newness of Subchapter V of Chapter 11 contributes to the absence of a controlling decision. The Court agrees that there is no controlling decision on this precise issue. Second, Avion argues that the issue presented for appeal is a matter of public importance. At the hearing, counsel for Avion observed that the Court's Order was discussed at a panel of practitioners at the 2022 Westbrook Bankruptcy Conference and featured in Bill Rochelle's daily newsletter to members of the American Bankruptcy Institute. The notoriety of the Order convinces Avion that the issue presented for appeal is one of public importance. This Court agrees.

The next issue under § 158(d)(2)(A)(ii) is whether this case involves resolution of

6

conflicting decisions. Here, Avion asserts that this Court's order conflicts with other courts' decisions both within the circuit and outside the circuit. Avion first points to Judge Mullin's opinion from the Northern District in *In re Duntov Motor Co., LLC*. No. 21-40348-MXM-11 (Bankr. N.D. Tex. Aug. 26, 2021), ECF No. 27. In *Duntov*, Judge Mullin denied a motion to dismiss adversary on the grounds that 11 U.S.C. § 523(a) did apply to corporate debtors proceeding under subchapter V. The order relied heavily on *Sun City Truck Sales et al. v. Tonka Int'l. Corp. et al. (In re Tonka Int'l. Corp.)*, which similarly held that corporate debtors could be made defendants in 11 U.S.C. § 523(a) complaints to determine dischargeability. No. 20-4064-BTR (Bankr. E.D. Tex. Sep. 16, 2020), ECF No. 15. Both decisions directly conflict with this Court's Order. Thus, Avion contends that there are conflicting decisions from bankruptcy courts throughout the circuit that could benefit from resolution by the Fifth Circuit. Avion also observes that the Order conflicts with a decision from the Fourth Circuit Court of Appeals (the only circuit to date to decide this issue). *See Cantwell-Cleary Co., Inc., v. Cleary Packaging (In re Cleary Packaging, LLC),* 36 F.4th 509 (4th Cir. 2022) (reversing the bankruptcy court to hold that corporate subchapter V debtors can be liable for claims under 11 U.S.C. § 523(a)). This case was analyzed and disagreed with in this Court's Order. In sum, the Court agrees that Avion's Motion for Certification satisfies the factor concerning conflicting decisions or public importance under § 158(d)(2)(A)(ii).

The final issue under § 158(d)(2)(iii) is whether an immediate appeal would materially advance the progress of the case. In its Motion for Certification, Avion argues that a direct appeal would materially advance GFS's bankruptcy case because the payout to GFS's creditors would be materially impacted if Avion's debt is deemed nondischargeable. At the hearing on the Motion for Certification, counsel for Avion told the Court that the support for this factor is admittedly weaker

than the other two factors. The Court agrees that the impact of a direct appeal is weak regarding materially advancing the bankruptcy case. As such, this subsection does not justify certification.

### SEPARATE CERTIFICATION

As required by Rule 8006(f)(5), a separate document contains this Court's certification. Service on the parties under Rule 8003(c)(1) will occur upon entry of the certification and this order on the docket.

### CONCLUSION

The lack of controlling decision, the importance of the issue presented to the public, and the existence of conflicting decisions require this Court to grant Avion's Motion for Certification and certify the Court's Order for direct appeal to the Fifth Circuit under § 158(d)(2)(A). Ultimately, the bankruptcy court split in this circuit on the issue of 11 U.S.C. § 523(a) applicability to corporate subchapter V debtors suggests that the bankruptcy courts would benefit from clarity on this issue from the Fifth Circuit.

Accordingly, IT IS ORDERED that Plaintiff Avion Funding, LLC's Motion to Certify Order for Direct Appeal Pursuant to 28 U.S.C. § 158 (ECF No. 15) is GRANTED.

IT IS FURTHER ORDERED that the Court hereby certifies a direct appeal of the Order Granting Defendant GFS Industries, LLC's First Amended Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint (ECF No. 9) to the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 158(d)(2)(A).

### # # #